**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **UNITED STATES OF AMERICA,** <br><br> v. <br><br> **TYREEK STYLES,** <br>     **Defendant.** | **CRIMINAL ACTION NO. 10-770-15** |

Baylson, J.                                                                                  July 23, 2013

### MEMORANDUM RE POST-TRIAL MOTIONS

After a jury trial in this case, the defendant was acquitted of conspiracy but convicted of attempted possession with intent to distribute 500 grams or more of cocaine, and aiding and abetting, in violation of 28 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. The evidence in this case detailed transportation of kilogram quantities of cocaine and marijuana from a supplier in Los Angeles and received via United Parcel Service at various locations, including locations within this District.

Defendant moves for a new trial, asserting that the Court erred in not allowing certain testimony to be read back when the jury asked questions about the testimony. In the first place, the decision whether to read back testimony is fully within the discretion of the trial judge, and in this case, there had been a good deal of co-conspirator testimony and the jury's question was not clear exactly what was requested and it would have taken a great deal of time to locate the testimony. Further, at trial, defense counsel agreed with the undersigned's decision not to read back the testimony. Lastly,

as the government points out, if the testimony had been read back, it would not exonerate defendant as defendant now claims. Therefore, any error was harmless error.

Defendant also seeks a judgment of acquittal, asserting that the evidence was insufficient to sustain the verdict. The Court concludes that the government's discussion of the evidence is a more reliable summary of the trial record. Defendant's brief does not discuss the evidence in any detail. There was abundant circumstantial evidence that defendant was fully aware of the drug transactions, was present on numerous transactional occasions, and helped facilitate many of the transactions himself. There was also evidence that defendant was very involved in the financial aspects of many drug transactions, which were leading up to a major shipment. This was sufficient to support the jury's verdict that he aided and abetted the attempted possession of four kilograms of cocaine, which was destined for delivery in Philadelphia before it was intercepted by law enforcement on June 28, 2010. The jury heard recordings of defendant's involvement in a drug transaction on June 6, 2010, and also actual testimony that defendant had traveled to Los Angeles to help secure cocaine, and was present when drugs were received and money was discussed on prior occasions, including June 9, 2010. The Court respects the jury's verdict that the defendant was not guilty of conspiracy, but concludes the evidence was sufficient for a conviction for aiding and abetting the attempted possession of cocaine.

An appropriate Order follows.

O:\Janice\ORDERS\10-770-15.memo.order.7.23.13.wpd